UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ALICE TOUSSAINT,

                Plaintiffs,              :  Civil Action No.:

    v.

NCO FINANCIAL SYSTEMS, INC.;        :
JOHN DOES 1-10,
                Defendants.

## COMPLAINT

**A.    Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. §227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.  Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.    Parties**

    3.    Plaintiff Alice Toussaint, is a natural person married and residing with at 1000 66th Avenue, Philadelphia, PA 19126.

    4.    Defendant NCO Financial Systems, Inc. ("NCO") is a corporation with principal offices at 507 Prudential Road, Horsham, PA 19044.  NCO regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant John Doe 1, whose dunning or partial legal name is "Ms. Johnson", is a natural person employed by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe 2, whose dunning or partial legal name is "Ms. Tara", is a natural person employed by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe 3, whose dunning or partial legal name is "Ms. Monica Bradley", is a natural person employed by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendants John Does 4-10, are natural persons employed by Defendant NCO collection agents and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). John Does 1-10 illegally placed collection calls to plaintiff related to the debt as described herein.

**C.    Factual Allegations**

9. Plaintiff is married to Kimani C. Toussaint, Sr. (non –party) a natural person who resides with her at 1000 66th Avenue, Philadelphia, PA 19126 (hereinafter husband is referred to as "debtor").

10. Prior to the collection activity hereinafter described, debtor had an outstanding educational loan with the U.S. Department of Education (debtor's loan is hereafter referred to as "the debt").

11. In Debtor's Student Loan Applications and Promissory Notes for the debt, she did not list her cellular telephone number.

12. Beginning in September, 2012, plaintiff received a telephone call from NCO concerning the debt.

13. Notwithstanding the fact that plaintiff did not provide Defendants with her cellular number at any time during the transaction that resulted in the debt owed to Defendants, Defendants have repeatedly contacted her on her cellular telephone from at least September 5, 2012, including but not limited to the following dates:

| | Date | Time |
|---|---|---|
| 1. | 9/27/12 | 10:12a.m. (Caller: Ms. Johnson) |
| 2. | 10/01/12 | 9:15 a.m. |
| 3. | 10/05/12 | 8:26 a.m. |
| 4. | 10/15/12 | 10:27a.m. |
| 5. | 10/1612 | 11:02a.m. |
| 6. | 10/17/12 | 8:15a.m. |
| 7. | 10/17/12 | 12:10p.m. |
| 8. | 10/18/12 | 8:15a.m. |
| 9. | 10/18/12 | 3:04a.m. |
| 10. | 10/20/12 | 8:10a.m. |
| 11. | 10/20/12 | 10:22.m. |
| 12. | 10/20/12 | 2:54p.m. |
| 13. | 10/22/12 | 2:15p.m. |
| 14. | 10/22/12 | 3:312p.m. |
| 15. | 10/23/12 | 1:16p.m. |
| 16. | 10/23/12 | 5:26p.m. |
| 17. | 10/23/12 | 7:00p.m. |
| 18. | 10/23/12 | 7:47p.m. (Caller: Ms. Tara) |
| 19. | 10/24/12 | 9:45a.m. |
| 20. | 10/24/12 | 10:55a.m. |
| 21. | 10/24/12 | 12:19p.m. |
| 22. | 10/24/12 | 2:29p.m. |
| 23. | 10/24/12 | 12:40p.m. |
| 24. | 10/24/12 | 7:37p.m. |
| 25. | 10/25/12 | 8:16a.m. |
| 26. | 10/25/12 | 8:24a.m. |
| 27. | 10/25/12 | 1:14p.m. |
| 28. | 10/25/12 | 2:33p.m. |
| 29. | 10/25/12 | 3:38p.m. |
| 30. | 10/25/12 | 8:20p.m. (Caller: Ms. Monica Bradley) |
| 31. | 10/26/12 | 9:19a.m. |
| 32. | 10/26/12 | 2:10p.m. |
| 33. | 10/27/12 | 8:13a.m. |

   34. 10/27/12        8:50a.m.
   35. 10/27/12        10:30a.m.
   36. 10/27/12        11:01a.m.
   37. 10/27/12        11:47a.m.
   38. 10/29/12        1:58p.m.
   39. 10/29/12        2:48p.m.
   40. 10/30/12        12:59p.m.
   41. 10/30/12        1:58p.m.
   42. 10/31/12        8:19a.m.
   43. 10/31/12        8:20a.m.
   44. 10/31/12        9:38a.m.
   45. 10/31/12        10:24a.m.
   46. 10/31/12        11:24a.m.
   47. 10/31/12        12:45p.m.
   48. 10/31/12        7:45p.m.
   49. 11/01/12        8:11a.m.
   50. 11/01/12        11:39a/m.
   51. 11/01/12        3:53p.m.
   52. 11/02/12        8:26a.m.
   53. 11/03/12        8:07a.m.
   54. 11/03/12        9:02a.m.
   55. 11/05/12        8:29a.m.
   56. 11/05/12        10:26a.m.
   57. 11/05/12        11:45a.m.

   14.    The foregoing calls were placed by defendants from, among other numbers, (800) 377-4834 and (888) 475-6741,

   15.    All telephone contact to plaintiff described herein on her cellular telephone occurred via an "automatic telephone dialing system", as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

   16.    Plaintiff is unrelated to the debt as is well known to NCO insofar as plaintiff's answering message clearly identifies her alone – and not debtor - as the call recipient.
   17.    Neither plaintiff nor debtor nor anyone else authorized by them ever provided plaintiff's cell phone number to Defendants.

4

**D.     Causes of Action**

### COUNT I - NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION (ACT 47 U.S.C. § 227 et seq.)

18.     The allegations above are re-alleged and incorporated herein by reference.

19.     The foregoing acts and omissions of defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

### COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

20.     The allegations above are re-alleged and incorporated herein by reference.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

22.     "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

23.     Defendant intentionally and voluntarily made over fifty (50) calls to plaintiff's cell phone.

### COUNT III - Fair Debt Collection Practices Act

24.     The allegations above are re-alleged and incorporated herein by reference.

25. The Defendant violated the FDCPA. Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for defendants' negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

E. for defendants' willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

F. for such other and further relief as may be just and proper.

Dated: January 10, 2013                                   <u>RC935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
**Attorney for Plaintiff**